UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-23006-CIV-HIGHSMITH

LARRY GUS BROCKER,

    Plaintiff,

v.

NORWEGIAN CRUISE LINE LIMITED
d/b/a NORWEGIAN CRUISE LINE, NCL
(Bahamas) LTD., and VALLARTA
SHOREX,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Count I and Count II (of Plaintiff's Complaint) and Incorporated Memorandum of Law ("Defendant's Motion")(DE #4). This Court has reviewed Defendant's Motion, Plaintiff's Response to Defendant's Motion, Defendant's Reply in Support of its Motion, and relevant case law. For the reasons that follow, Defendant's Motion is GRANTED IN PART AND DENIED IN PART.

### I.   Factual and Procedural History

On December 14, 2005, Plaintiff was a passenger on the MV Norwegian Star, a cruise ship owned by Defendant Norwegian Cruise Line, LTD. ("NCL"). Plaintiff and other passengers on this cruise ship were informed of available shore excursions, including a "Deep Sea Fishing Adventure." While docked in Manzanillo, Mexico, Plaintiff purchased a ticket from NCL for a shore-based deep-sea fishing excursion with Vallarta Shorex. While on this deep-sea fishing boat, Plaintiff was injured when he fell through an allegedly rotten deck and into the boat's engine room.

Plaintiff then filed a three-count Complaint: Count I of Plaintiff's complaint alleges that Defendant NCL was negligent pursuant to the standard of care under general maritime law; Count II of Plaintiff's Complaint is a breach of contract claim pursuant to general maritime law and the Guest Ticket Contract entered into by Plaintiff and Defendant; Count III of Plaintiff's Complaint, which is not addressed by Defendant's Motion, is a negligence claim against Vallarta Shorex, "a foreign tour operating company."

## II.  Standard of Review

In Conley v. Gibson, 355 US 41 (1957), the United States Supreme Court held that a motion to dismiss cannot be granted for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46 (1957). Applying the Conley standard, the Eleventh Circuit has held that all "well pleaded" facts and reasonable inferences from those facts are presumed to be true by a court. See Oladeinde v. City of Birmingham, 963 F.2d 1481 (11th Cir. 1992). Very recently, however, the Supreme Court abrogated the standard for a motion to dismiss set out in Conley. In Bell Atlantic Corp. v. Twombley, 127 S.Ct. 1955 (2007), the Supreme Court held that "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Furthermore, "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do so." It is with this standard in mind that the Court addresses the two counts that are the subject of Defendant's Motion to Dismiss.

### III.   Count One: Negligence

Under general maritime law, a cruise ship owner owes a duty to its passengers to exercise "reasonable care under the circumstances." See Kemarec v. Compagnie Generale Transatlantique, 358 US 625, 632, 79 S.Ct. 406, 410 (1959). Plaintiff argues that Defendant cannot use the Guest Ticket Contract to avoid liability for its own negligence since all such contract provisions are considered void under 46 USC §30509 (2007). This statute prohibits the owner of a vessel from including provisions in a contract designed to preclude the liability of the "owner, master, or agent for personal injury or death caused by the negligence or fault of the owner or the owner's employees or agents." See 46 USC §30509. In his complaint, Plaintiff alleges that "the Defendant or its agents, servants, or employees negligently and carelessly breached its said duty to exercise reasonable care under the circumstances" by failing to inspect and supervise the deep-sea fishing vessel, failing to ensure the safety of the vessel for NCL passengers, and failing to warn Plaintiff when Defendant knew or should have known of the vessel's condition. Plaintiff also argues that discovery should be conducted to better ascertain the relationship between Vallarta Shorex and the Defendant (i.e. ownership interests, common crew, inspection responsibilities, etc.) Plaintiff argues he meets all of the elements for a negligence claim under general maritime law, and therefore the motion to dismiss should be denied.

Defendant argues that Plaintiff has failed to establish that NCL owed him any duty while Plaintiff was on the deep-sea fishing excursion. The Guest Ticket Contract entered into by the parties limits NCL's liability for the actions of a third party, including for shore excursions. Furthermore, Defendant argues, the statute does not restrict the use of contract provisions to limit liability for the negligence of a third party. Id.

-3-

Defendant cites Isbell v. Carnival Corp, where the court dismissed a complaint by a plaintiff who suffered a snake bite while on a shore excursion, because the ticket had an exculpatory clause that relieved the defendant of any liability for injuries caused by a third party. 2006 U.S. Dist. LEXIS 84452 (S.D. Fla. 2006)(Moreno, J.). That case, however, was resolved on a motion for summary judgment, rather than a motion to dismiss. While the Guest Ticket Contract precludes liability for the conduct of a third party, Defendant fails to show that there is no legal basis for its own negligence. Discovery is needed to further investigate the relationship between Defendant and Vallarta Shorex and, therefore, Defendant's Motion to Dismiss Count I of Plaintiff's Complaint is DENIED.

## IV.  Count Two: Breach of Contract

Federal district courts in Florida that have dealt with cases involving passengers on cruise ships have held that "the rule within the Eleventh Circuit is clear that breach of contract actions cannot be implied." See Stires v. Carnival Corp., 243 F.Supp.2d 1313 (M.D. Fla. 2002), citing Doe v. Celebrity Cruises, 145 F.Supp.2d 1337, 1341-45 (S.D. Fla. 2001)(Gold, J.) A contract must expressly guarantee safe passage in order for general maritime law to recognize a breach of contract of carriage guaranteeing safe passage.

Here, Plaintiff cites no contract provision in the Guest Ticket Contract that guarantees safe passage. In fact, the Guest Ticket Contract contains a provision stating that "the Carrier shall not be liable in any circumstances for any incident or injury arising from events occurring outside of the Guest areas of the vessel or outside of the vessel itself, including but not limited to those events occurring ashore (including shore excursions). . ." This provision contradicts any assertion

by Plaintiff that the Guest Ticket Contract explicitly supports a guarantee of safe passage, particularly when a passenger is away from the cruise ship.

Other federal courts in this District that have dealt with factual scenarios similar to this case have dismissed breach of contract claims where a plaintiff has failed to produce a provision of the contract that guarantees safe passage, as this Plaintiff has failed to do here. See e.g., Baker v. Carnival Corp., 2006 WL 3519093 (S.D. Fla. Dec. 6, 2006)(Huck, J.) and Isberner v. Celebrity Cruises, Inc., 2006 WL 4005569 (S.D. Fla. Dec. 21, 2006)(Lenard, J.) Accordingly, Defendant's Motion to Dismiss Count II is GRANTED and Count II is DISMISSED WITH PREJUDICE.

## V.     Conclusion

For the reasons stated above, Defendant's Motion to Dismiss Count I of Plaintiff's Complaint is DENIED and Defendant's Motion to Dismiss Count II of Plaintiff's Complaint is GRANTED. Defendant shall have until Friday, August 17, 2007 to Answer Counts I and III (if applicable) of Plaintiff's Complaint.

DONE AND ORDERED in Chambers, at Miami, Miami-Dade County, Florida, this 25 day of July, 2007.

SHELBY HIGHSMITH
UNITED STATES DISTRICT JUDGE

cc:     Counsel of Record

-5-